UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Fletcher, ) | C/A No. 4:11-2851-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Mr. Pittman, Case Worker, ) | |
| ) | |
| Defendant. ) | |

Andre Fletcher ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  At the time of filing this action, Plaintiff was an inmate at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC).[2]  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.  Plaintiff alleges that his constitutional rights were violated because he was kept incarcerated past his "max-out" date, and he seeks money damages.  The Complaint should be dismissed based on immunity and for failure to state a claim on which relief may be granted.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] It appears that on or about November 1, 2011, Plaintiff was released from the custody of SCDC to go home.  Notice, ECF No. 3.

(1996).[3] This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts

---

[3] The PLRA applies to this case because Plaintiff was incarcerated on the date of filing. *See Cofield v. Bowser*, 247 F. App'x 413 (4th Cir. 2007).

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

In the Complaint, Plaintiff names "Mr. Pittman – Case Worker" as the sole defendant. Plaintiff alleges that on May 15, 2003, the trial court sentenced him to "10 years at 85%" which he had begun to serve on October 12, 2002, his arrest date, since he did not make bond. Plaintiff alleges that SCDC "resentenced" him a second time to an additional seven months due to a disciplinary conviction, even though he had not committed a second criminal offense and he was not tried in a criminal court. Plaintiff alleges that SCDC violated the double jeopardy clause of the United States Constitution by keeping him in prison for nine years and one month, instead of eight years and six months. He alleges that SCDC inflicted a second punishment upon him based on the original crime for which he had already been punished in the trial court. Plaintiff claims that SCDC inflicted a "judicial punishment for an administration violation." Plaintiff seeks the following relief: "[t]he Plaintiff Andre Fletcher is seeking the sum of $1,000,000 dollars from the Dept. of Correction because the Dept. of Correction (intentionally acted illegally) which is a requirement to receive punitive damages."

## Discussion

Although Plaintiff named Mr. Pittman as the sole defendant, even liberally construed the Complaint does not seek to collect damages against Mr. Pittman in his individual capacity. Instead, the Complaint indicates that Plaintiff is seeking to collect damages from SCDC. Thus, Plaintiff may be suing Pittman in his official capacity as a representative of SCDC. *See Brooks v. Arthur*, 626 F.3d 194, 201 (4th Cir. 2010) (explaining that a person in his official capacity is an official

representative of a government or corporation). In other words, the crux of this case is that Plaintiff is seeking damages from SCDC based on an alleged constitutional violation. However, Plaintiff is not permitted to bring this type of lawsuit against SCDC in this Court. SCDC is an agency of the State of South Carolina, and the State has immunity from suit in this Court pursuant to the Eleventh Amendment. *See Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact...." *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S.Ct. 1632, 1637-38 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.*, 1637 n.1. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court, which South Carolina has not done. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court). Accordingly, the Complaint should be dismissed based upon Eleventh Amendment immunity.

Additionally, if Plaintiff did intend to sue Mr. Pittman in his individual capacity for damages, the Complaint should be dismissed for failure to state a claim on which relief may be granted because there are no factual allegations related to Pittman's personal conduct. Although the Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994) (finding that a complaint was subject to summary dismissal because it did not contain any facts to support the claim). *Cf. Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Here, where the Complaint alleges no facts related to Pittman's personal conduct, there is no plausible claim for relief against him pursuant to § 1983. *See Belcher*, 460 F. Supp. at 409 (finding that liability under § 1983 will only lie when an official acted personally in the deprivation of a plaintiff's rights). Thus, the Complaint should be dismissed for failure to state a claim on which relief may be granted.

Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

November 21, 2011  
Florence, South Carolina  

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).